# Domestic Relations Case Final Disposition Information Form

Superior Court   County __Hall__   Date Disposed __4-7-2010__
MM-DD-YYYY

Docket # __09-CV-4891A__

*FILED HALL CO. GA 2010 APR -5 PM 4:05 CHARLES BAKER, CLERK SUPERIOR STATE COURT BY*

Reporting Party _____ Title _____
Last   First   Middle I.   Suffix   Prefix   Maiden

**Name of Plaintiff/Petitioner(s)**

__O'Donnell, Michael Patrick__
Last   First   Middle I.   Suffix   Prefix   Maiden

**Name of Defendant/Respondent(s)**

__Kersch, Tara__
Last   First   Middle I.   Suffix   Prefix   Maiden

**Plaintiff/Petitioner's Attorney**   ☐ Pro Se

__Miles, Kelly Anne & Floyd, Jennifer__
Last   First   Middle I.   Suffix

Bar # __505665 & 140955__

**Defendant/Respondent's Attorney**   ☐ Pro Se

__Horsley, Nathan__
Last   First   Middle I.   Suffix

Bar # _____

### Type of Disposition (Check all that apply)

1. ☐ Dismissed Without Final Order
   A. ☐ Voluntary (by parties)
   B. ☐ Involuntary (by court)
2. ☐ Pre-Trial Settlement
3. ☐ Judgment on the Pleadings
4. ☐ Summary Judgment
5. ☐ Trial
   A. ☐ Bench Trial
   B. ☐ Jury Trial
      1. ☐ Dismissal after jury selected
      2. ☐ Settlement during trial
      3. ☐ Judgment on Verdict
      4. ☐ Directed Verdict or JNOV

### ADR

1. Was mediation utilized?   ☐ Yes   ☐ No
2. If Yes, was it (check if applicable)
   ☐ court annexed?
   ☐ court mandated?
3. Binding Arbitration Agreement ☐ Yes ☐ No
   If Yes, what matters were subject:
   ☐ Child Custody
   ☐ Visitation/Parenting Time
   ☐ Parenting Plan

### Relief Granted (Check all that apply)

1. ☐ Ex Parte Relief
2. ☐ Temporary Relief
3. ☐ Final Relief
   a. ☐ Divorce/Annulment/Separate Maintenance
   b. ☐ Child Custody
      Parenting Plan?   ☐ Yes   ☐ No
      Custodial Arrangement? ☐ Yes ☐ No
      If Yes, check one:
      ☐ Joint Custody
      ☐ Joint Legal Custody
      ☐ Joint Physical Custody
      ☐ Sole Custody to: _____
      14 year old parental selection? ☐ Yes ☐ No
   c. ☐ Visitation or Parenting Time
      Approx. Parenting Time (days per year)
      Mother_____ Father_____
      Parenting Time Contested?   ☐ Yes ☐ No
   d. ☐ Child Support
      Forms attached?   ☐ Yes ☐ No
   e. ☐ Legitimation/Paternity
   f. ☐ Alimony
   g. ☑ Contempt
   h. ☐ Equitable Division
   i. ☐ Protective Order
      ☐ Person   ☐ Property
      ☐ Finding of Family Violence?
   j. ☐ Adoption
   k. ☑ Attorneys Fees?
      If Yes, enter amount: _____
      to whom: _____
   l. ☐ Other (Specify) _____
4. ☐ Dismissed prior to granting of relief.

IN THE SUPERIOR COURT OF HALL COUNTY
STATE OF GEORGIA

MICHAEL PATRICK O'DONNELL,  /

Plaintiff,  /  Civil Action File

vs.  /  Number: **09-CV-4891A**

TARA KERSCH,  /
f/k/a TARA KERSCH O'DONNELL,
/

Defendant.

## FINAL CONTEMPT ORDER

The above-styled matter having come before this Court for a final hearing on March 18, 2010, and the Defendant failing to personally appear but being represented by counsel, and after hearing evidence presented by Plaintiff and his witness, LuAnne Gilmore with Keller Williams Realty, testimony from Defendant's current husband, Mr. Steven Green, and after consideration of closing argument from both parties' counsel submitted via letter, along with their argument and statement regarding attorneys fees and costs of litigation (neither parties' attorney made any objection at trial to submission of evidence on attorneys fees and costs of litigation being done within the written closing arguments and proposed Orders), and proposed Orders submitted by each party's counsel,

**WHEREFORE, IT IS HEREBY ORDERED**, as follows:

## RULING ON DEFENDANT'S MOTION FOR CONTINUANCE

The Defendant's motion for continuance is **DENIED**. The Court finds that Defendant was properly served with notice of the court date scheduled for March 18, 2010 on January 14, 2010. The Defendant did not file a responsive pleading until March 12, 2010. The Court will not continue the hearing based on the fact that the parties did not attempt mediation prior to the court date. At the direction of the Court, the hearing was continued for one hour from 9:00 a.m. until 10:00 a.m. to allow the parties to attempt mediation. The Plaintiff was present

SMITH GILLIAM
WILLIAMS & MILES PA
Attorneys at Law
200 OLD COCA-COLA BLDG.
301 GREEN STREET, NW
GAINESVILLE, GEORGIA 30501

MAILING ADDRESS:
P.O. BOX 1098
GAINESVILLE, GEORGIA 30503

T: (770) 536-3381
F: (770) 531-1481

www.sgwmfirm.com

and prepared for mediation but the Defendant failed to appear. Further, the Court has the discretion regarding its own internal operating procedures. Finally, the Court finds that the modification action pending in the State of Florida filed by the Defendant has no impact on the issues to be addressed in Plaintiff's Motion for Contempt.

## FINDINGS OF FACT

-1-

### Jurisdiction, Etc.

This Court finds that jurisdiction, venue and service are proper in this case and that Defendant received proper notice of the final hearing. The Defendant was properly served with this action and with notice of the final hearing scheduled for March 18, 2010.

-2-

### Divorce Decree

This Court finds that the parties were divorced by this Court pursuant to the Final Judgment and Decree of Divorce filed on January 22, 2009, entered *nunc pro tunc* to October 20, 2008, in Civil Action File Number 08-CV-26-A, Superior Court of Hall County, Georgia. Said Decree is hereinafter referred to within this Final Contempt Order as "Final Decree." The parties have one child, Blake, who is age three. The Plaintiff has custody of Blake and the Defendant's visitation rights with Blake have been suspended due to her failure to comply with the conditions regarding her visitation as set forth in the Final Decree.

-3-

### Defendant's Failure to Appear

The Court finds the Defendant is in willful and intentional contempt of the Court's order for failing to appear as ordered by the Rule Nisi issued by this Court on December 15, 2009, in the above styled action directing the Defendant to appear on March 18, 2010. The Court finds that the Defendant was properly served with notice of the final hearing scheduled for March 18, 2010 at 9:00 a.m. The Defendant's current husband, Mr. Steven Green, was present, as was Defendant's counsel, Mr. Nathan Horsely; however, the Defendant failed to appear. Mr. Green testified that he saw notice of the court date in the service papers which were personally handed to him by a representative of the Cook County, Illinois Sheriff's Department. Further, Mr. Green's presence is further evidence that the Defendant received notice of the court date. The Court gave Defendant's counsel every opportunity to present

SMITH GILLIAM
WILLIAMS & MILES PA
Attorneys at Law
100 OLD COCA-COLA BLDG.
301 GREEN STREET, NW
GAINESVILLE, GEORGIA 30501

MAILING ADDRESS:
P.O. BOX 1098
GAINESVILLE, GEORGIA 30503

T: (770) 536-3381
F: (770) 531-1481

www.sgwmfirm.com

2

Defendant's case and put on evidence on behalf of Defendant despite Defendant's failure to appear. Upon notification of a conflict in the Defendant's counsel's court schedule, this Court continued the final hearing until Defendant's counsel was able to appear later that same day.

-4-

### Violations of Divorce Decree

After consideration of the evidence presented on March 18, 2010, the Court finds that there have been numerous violations of the terms and conditions of the Final Decree by Defendant and that these violations were willful and intentional.

-5-

### Fraudulent Use of Name

This Court finds that the Defendant is in willful and intentional contempt of the Final Decree in that she continued to use the name "O'Donnell" after being restored to her prior name as set forth in Paragraph 19 of the Decree. Defendant has used the name O'Donnell fraudulently and in an attempt to mislead third parties. The Court finds that Defendant was recently arrested and later pled guilty to forgery in the State of Illinois under the last name O'Donnell. The Court finds that Defendant attempted to obtain a two million dollar life insurance policy on Plaintiff's life by fraudulently representing to the insurance agent that she is the wife of Plaintiff when in fact, they are divorced and Defendant has remarried. Defendant also continued to use Plaintiff's health insurance after the divorce and after the insurance was cancelled by using the name of O'Donnell.

-6-

### Child Support

This Court finds that the Defendant is in willful and intentional contempt of the Final Decree for failing to pay child support as ordered by Paragraph 22. The Court finds that the Defendant is in arrears in the amount of $11,316.36 for her child support obligation as of March 18, 2010. The Court finds that this contempt is willful and intentional. The Court specifically finds that Defendant has the ability to pay the court ordered child support amount of $1,028.03 per month and that she intentionally refused to do so as required by the Final Decree. In so finding the Court has taken into consideration the substantial financial assets awarded to Defendant at the time of the divorce, that Defendant has a college degree, and that Defendant failed to submit any evidence whatsoever that she has in good faith exhausted all

SMITH GILLIAM
WILLIAMS & MILES PA
Attorneys at Law
00 OLD COCA-COLA BLDG.
301 GREEN STREET, NW
AINESVILLE, GEORGIA 30501

MAILING ADDRESS:
P.O. BOX 1098
AINESVILLE, GEORGIA 30503

T: (770) 536-3381
F: (770) 531-1481

www.sgwmfirm.com

3

the resources at her command or that she has made a diligent and bona fide effort to comply with the order of the court or that she cannot borrow sufficient funds to comply with the obligation. See <u>Darroch v. Willis</u>, 2010 WL 678914, Ga. decided March 1, 2010.

-7-

## Method of Payment of Child Support

Further, the Court finds that the Defendant has failed to pay her child support obligation by cashiers or certified check, mail it certified mail, return receipt requested, and send it postmarked by 5:00 p.m. on the first day of each month as required by Paragraph 22 of the Final Judgment and Decree of Divorce. The Court finds that when the Defendant has made payments towards her child support obligation almost all of the payments were in the form of a personal check and were sent via first class mail. The Court notes that the Defendant has not once paid the full monthly amount of child support ordered. The Court finds that this contempt is willful and intentional and that absolutely no evidence was presented as to why the Defendant was not able to comply with the terms of payment set forth in the Divorce Decree.

-8-

## Medical Insurance On Child

This Court finds that the Defendant is in willful and intentional contempt of the Final Decree for failing to obtain and maintain medical, dental, and vision insurance on the minor child as ordered by Paragraph 23. The Court finds that Plaintiff obtained medical and dental insurance on the minor child at his own expense through his employer. The Court finds that the Plaintiff attempted to communicate with Defendant regarding insurance on the minor child via certified letter and she failed to pick up or respond to certified letters from Plaintiff offering for her to pay the premiums for putting the minor child on the policy available through Plaintiff's employer. The Court finds that the Defendant has not reimbursed Plaintiff any amount for the cost of said insurance. The Court finds that the Plaintiff has paid $2,984.28 for medical and dental insurance on the minor child as of March 18, 2010 and that such amount is due and owing to Plaintiff. The Court specifically finds that Defendant has the ability to pay the court ordered insurance of $2,984.28 and that she intentionally refused to do so as required by the Final Decree. In so finding the Court has taken into consideration the substantial financial assets awarded to Defendant at the time of the divorce, that Defendant

SMITH GILLIAM
WILLIAMS & MILES,PA
Attorneys at Law
00 OLD COCA-COLA BLDG.
301 GREEN STREET, NW
GAINESVILLE, GEORGIA 30501

MAILING ADDRESS:
P.O. BOX 1098
GAINESVILLE, GEORGIA 30503

T: (770) 536-3381
F: (770) 531-1481
www.sgwmfirm.com

4

has a college degree, and that Defendant failed to submit any evidence whatsoever that she has in good faith exhausted all the resources at her command or that she has made a diligent and bona fide effort to comply with the order of the court or that she cannot borrow sufficient funds to comply with the obligation. See Darroch v. Willis, 2010 WL 678914, Ga. decided March 1, 2010.

-9-

### Uncovered Medical on Child

This Court finds that Defendant has failed to pay her portion of the minor child's uncovered medical expenses as ordered by Paragraph 23. The Court finds that this contempt is willful and intentional. The Court finds that Plaintiff provided Defendant notice of these expenses via email and/or certified mail. Defendant's portion of the minor child's uncovered medical expenses as of March 18, 2010 is $256.29. The Court specifically finds that Defendant has the ability to pay her portion of the court ordered uncovered medical expenses of the child in the amount of $256.29 and that she intentionally refused to do so as required by the Final Decree. In so finding the Court has taken into consideration the substantial financial assets awarded to Defendant at the time of the divorce, that Defendant has a college degree, and that Defendant failed to submit any evidence whatsoever that she has in good faith exhausted all the resources at her command or that she has made a diligent and bona fide effort to comply with the order of the court or that she cannot borrow sufficient funds to comply with the obligation. See Darroch v. Willis, 2010 WL 678914, Ga. decided March 1, 2010.

-10-

### Failure to Notify of New Address

This Court finds that Defendant is in contempt of the Final Decree for failing to notify Plaintiff of her new address as ordered by Paragraph 24 and that this contempt is willful and intentional. The Court finds the first notice Plaintiff received that Defendant's address had changed from the address stated in the Final Decree was when he was served with a custody modification action filed in Florida. The Court finds that the Defendant herself never notified Plaintiff that she had moved from Tennessee. The Court finds that Plaintiff provided Defendant with notice of his new address as required by the terms of the Final Decree and that Defendant failed to claim the certified letter containing said notice. The Court finds that this

SMITH GILLIAM
WILLIAMS & MILES PA
Attorneys at Law
00 OLD COCA-COLA BLDG.
301 GREEN STREET, NW
GAINESVILLE, GEORGIA 30501

MAILING ADDRESS:
P.O. BOX 1098
GAINESVILLE, GEORGIA 30503

T: (770) 536-3381
F: (770) 531-1481

www.sgwmfirm.com

5

contempt is willful and intentional and that absolutely no evidence was presented as to why the Defendant was not able to comply with the terms of address notification set forth in the Divorce Decree.

-11-

### Failure to Pay Mortgage and Equity Line

This Court finds that the Defendant is in contempt of the Final Decree for failing to pay her portion of the mortgage and equity line associated with the former marital residence as required by Paragraph 26. The Court finds that this contempt is willful and intentional. The Court finds that the payment made by Defendant for the month of January 2009 was returned for insufficient funds, that Plaintiff paid the payment for February 2009 into escrow upon advice from counsel, and that no further mortgage payments were made by Defendant. The Court finds that the Plaintiff was excused from making any future mortgage or equity line payments when Defendant failed to first meet her obligations as to those debts. The Court finds that the property is currently in foreclosure and that the Defendant's failure to comply with the terms of the Final Decree and to timely make the monthly payments on the first mortgage due to Bank of America loan number *6377 or to timely make the monthly payments on the line of credit to Bank of America loan number *6299 have adversely affected the credit of Plaintiff due to no fault of his. The Court specifically finds that Defendant had the ability to pay her portion of the court ordered mortgage payments and that she intentionally refused to do so as required by the Final Decree. In so finding the Court has taken into consideration the substantial financial assets awarded to Defendant at the time of the divorce, that Defendant has a college degree, and that Defendant failed to submit any evidence whatsoever that she has in good faith exhausted all the resources at her command or that she has made a diligent and bona fide effort to comply with the order of the court or that she cannot borrow sufficient funds to comply with the obligation. See <u>Darroch v. Willis</u>, 2010 WL 678914, Ga. decided March 1, 2010.

-12-

### Utilities of Former Residence

This Court finds that the Defendant failed to bring the utilities servicing the marital residence current through December 2008 as required by Paragraph 26. The Court finds that this contempt is willful and intentional. The Court finds that the Plaintiff paid theses amounts

SMITH GILLIAM
VILLIAMS & MILES PA
Attorneys at Law
:00 OLD COCA-COLA BLDG.
301 GREEN STREET, NW
:AINESVILLE, GEORGIA 30501

MAILING ADDRESS:
P.O. BOX 1098
AINESVILLE, GEORGIA 30503

T: (770) 536-3381
F: (770) 531-1481

www.sgwmfirm.com

6

plus penalties totaling $1,096.72 and that the Defendant owes this sum to Plaintiff. The Court finds that the Plaintiff notified Defendant of the amount paid by him and she failed to reimburse him. Further, the Court finds that the Defendant failed to make utility payments in odd months for the utilities servicing the property. The Court finds that the Plaintiff was excused from making any future utility payments when Defendant failed to first meet her obligations as to those debts. The Court finds that the Defendant's failure to comply with the terms of the Final Decree and to timely make the payments due on the utilities has adversely affected the credit of Plaintiff due to no fault of his. The Court specifically finds that Defendant had the ability to pay her portion of the utilities and that she intentionally refused to do so as required by the Final Decree. In so finding the Court has taken into consideration the substantial financial assets awarded to Defendant at the time of the divorce, that Defendant has a college degree, and that Defendant failed to submit any evidence whatsoever that she has in good faith exhausted all the resources at her command or that she has made a diligent and bona fide effort to comply with the order of the court or that she cannot borrow sufficient funds to comply with the obligation. See <u>Darroch v. Willis</u>, 2010 WL 678914, Ga. decided March 1, 2010.

-13-

### Failure to Cooperate with Realtor

This Court finds that the Defendant is in contempt of Paragraph 26 for failing to fully cooperate with the realtor listing the property as of October 20, 2008. Further, the Court finds that at on at least one occasion the Defendant failed to cooperate in showing the property. The Court finds that this contempt is willful and intentional and that absolutely no evidence was presented as to why the Defendant was not able to comply with the terms of cooperating with the realtor as set forth in the Divorce Decree.

-14-

### Fraudulently Residing in Former Residence

This Court finds that the Defendant is in further contempt of Paragraph 26 of the Final Decree for residing at the former marital residence during a time when she did not have visitation with the parties' minor child. The Court finds that the Plaintiff had to call the Hall County Sheriff's Office on the day he moved out the items awarded to him to have the Defendant removed from the property. The Court finds that this contempt is willful and

SMITH GILLIAM
VILLIAMS & MILES, PA
Attorneys at Law
500 OLD COCA-COLA BLDG.
301 GREEN STREET, NW
GAINESVILLE, GEORGIA 30501

MAILING ADDRESS:
P.O. BOX 1098
GAINESVILLE, GEORGIA 30503

T: (770) 536-3381
F: (770) 531-1481

www.sgwmfirm.com

7

intentional and that absolutely no evidence was presented as to why the Defendant was not able to comply with the terms of occupancy and vacating of the former marital residence as set forth in the Divorce Decree.

-15-

### Boat Expenses

This Court finds that Defendant is in willful contempt of the Final Decree for failing to pay her portion of the debt, insurance, maintenance, and storage expenses associated with the 2003 Fourwinds boat as required by Paragraph 29. The Court finds that Defendant has not paid any of her portion of the expenses associated with the boat and that the Plaintiff has made all of the debt, storage, and repair expenses associated with the boat with the exception of any such payments which were made from the proceeds of the sale of the jet ski pursuant to the terms of the Final Decree. The Court finds that the Plaintiff has moved the boat to Florida due his concern of Defendant disposing of the boat and in order to maintain the boat. The Court finds that the Plaintiff offered to be solely financially responsible for the boat in exchange for full ownership of the boat and that the Defendant voluntarily signed a written Agreement and Conveyance of 2003 Fourwinds Boat dated March 12, 2009, hereinafter referred to as "Boat Agreement," (signed by Defendant before a Notary Public and was sworn to in open court as being acceptable and agreed upon by Plaintiff except as to the waiver which Defendant added regarding a release of "any and all future contempt actions or future litigation") to these terms which this Court finds is a valid and binding transfer of ownership of the boat from Defendant to Plaintiff in exchange for Plaintiff assuming all financial obligations of the boat. However, that portion of the Boat Agreement containing a waiver by Plaintiff of any further action against Defendant is invalid and not binding on either party and is in direct violation of the public policy of the State of Georgia. Therefore such waiver is stricken from the Boat Agreement. This Court specifically finds that the Boat Agreement signed by the parties is a contract based on legal and binding consideration but that it also contains an attempted waiver, added by the Defendant, of a right which cannot be waived because it is contrary to the public policy of this state (waiver of "any and all future contempt actions or future litigation" involving Defendant), which waiver is wholly unconnected with the purposes of the contract (ownership of the boat and responsibility for the financial obligations associated with the boat), and therefore, this waiver is severable from

SMITH GILLIAM
WILLIAMS & MILES PA
Attorneys at Law
30 OLD COCA-COLA BLDG.
301 GREEN STREET, NW
GAINESVILLE, GEORGIA 30501

MAILING ADDRESS:
P.O. BOX 1098
GAINESVILLE, GEORGIA 30503

T: (770) 536-3381
F: (770) 531-1481

www.sgwmfirm.com

8

the Boat Agreement as being illegal which thereby leaves the remainder of the Boat Agreement to be an enforceable contract. Brenau College v. Mincey, 68 Ga. App. 137 (1942). Henceforth, pursuant to the terms of this Order and the Boat Agreement, Plaintiff shall be the sole owner of the boat, free and clear of any and all claims by Defendant, and Plaintiff shall be solely responsible for any and all financial obligations of the boat. Consequently, no monies are due and owing by Defendant to Plaintiff on the boat.

-16-

### Disposal of Items from Residence

This Court finds that the Defendant is in contempt of the Final Decree for removing or otherwise disposing of both sets of washers and dryers and a refrigerator from the marital residence in violation of Paragraph 32. Further the Court finds that Defendant removed or otherwise disposed of the golf cart that was to be sold with the marital residence, the jet ski lift, and the hot tub built into the deck of the marital residence. The Court finds that this contempt is willful and intentional and that based on the evidence presented by Plaintiff at the hearing, the value of these items was $15,000. Therefore, Plaintiff's one half of the value of these items is $7,500 which amount is immediately due and owing from Defendant to Plaintiff.

-17-

### Sailing Ship

This Court finds that Defendant is in willful and intentional contempt of Paragraph 32 of the Final Decree for removing or otherwise disposing of the handmade model Spanish Galleon sailing ship which was awarded to Plaintiff. The Court finds that this item had sentimental value to Plaintiff and Defendant has willfully prevented him from having it. Based on the evidence presented by Plaintiff at the hearing, the monetary value of this items was $1,800 which amount is immediately due and owing from Defendant to Plaintiff.

-18-

### Rooms To Go

This Court finds that Defendant is in contempt of the Final Decree for failing to pay her portion of the Rooms to Go debt, which was $1,770, as required by Paragraph 33. The Court finds that this contempt is willful and intentional and that the Defendant's failure to comply with the terms of the Final Decree and to timely make the payments due on this debt

SMITH GILLIAM
WILLIAMS & MILES PA
Attorneys at Law
200 OLD COCA-COLA BLDG.
301 GREEN STREET, NW
GAINESVILLE, GEORGIA 30501

MAILING ADDRESS:
P.O. BOX 1098
GAINESVILLE, GEORGIA 30503

T: (770) 536-3381
F: (770) 531-1481

www.sgwmfirm.com

9

has adversely affected the credit of Plaintiff due to no fault of his. The Court specifically finds that Defendant had the ability to pay her portion of this debt and that she intentionally refused to do so as required by the Final Decree. In so finding the Court has taken into consideration the substantial financial assets awarded to Defendant at the time of the divorce, that Defendant has a college degree, and that Defendant failed to submit any evidence whatsoever that she has in good faith exhausted all the resources at her command or that she has made a diligent and bona fide effort to comply with the order of the court or that she cannot borrow sufficient funds to comply with the obligation. See <u>Darroch v. Willis</u>, 2010 WL 678914, Ga. decided March 1, 2010.

-19-

### Hold Harmless and Indemnification

(a) This Court finds that Defendant is willful contempt of the Final Decree for failing to indemnify and hold Plaintiff harmless as required by Paragraph 34. The Court finds that Plaintiff's American Express card he had for several years was cancelled due to the effect of Defendant's actions on his credit, that he has been unable to secure a home loan due to Defendant's actions on his credit, and that he has been unable to get a Florida surplus lines insurance license needed for his employment because he has unable to obtain a bond because of his credit. The Court finds that the Defendant's failure to comply with the terms of the Final Decree and to hold harmless and indemnify Plaintiff from her debts and liabilities has adversely affected the credit of Plaintiff due to no fault of his. The Court specifically finds that Defendant had the ability to hold harmless and indemnify Plaintiff and that she intentionally refused to do so as required by the Final Decree. In so finding the Court has taken into consideration the substantial financial assets awarded to Defendant at the time of the divorce, that Defendant has a college degree, and that Defendant failed to submit any evidence whatsoever that she has in good faith exhausted all the resources at her command or that she has made a diligent and bona fide effort to comply with the order of the court or that she cannot borrow sufficient funds to

SMITH GILLIAM
WILLIAMS & MILES PA
Attorneys at Law
00 OLD COCA-COLA BLDG.
301 GREEN STREET, NW
GAINESVILLE, GEORGIA 30501

MAILING ADDRESS:
P.O. BOX 1098
GAINESVILLE, GEORGIA 30503

T: (770) 536-3381
F: (770) 531-1481

www.sgwmfirm.com

10

comply with the obligation. See <u>Darroch v. Willis</u>, 2010 WL 678914, Ga. decided March 1, 2010.

(b) This Court finds that Defendant is willful contempt of the Final Decree for failing to indemnify and hold Plaintiff harmless as required by Paragraph 34. The Court finds that Defendant has intentionally and willfully failed to hold harmless and indemnify Plaintiff from any default, deficiency, or nonpayment on the first and second mortgages on the former marital residence as required under the Final Decree. The Court finds that the Defendant's failure to comply with the terms of the Final Decree and to hold harmless and indemnify Plaintiff from her debts and liabilities has adversely affected the credit of Plaintiff due to no fault of his. The Court specifically finds that Defendant had the ability to hold harmless and indemnify Plaintiff and that she intentionally refused to do so as required by the Final Decree. In so finding the Court has taken into consideration the substantial financial assets awarded to Defendant at the time of the divorce, that Defendant has a college degree, and that Defendant failed to submit any evidence whatsoever that she has in good faith exhausted all the resources at her command or that she has made a diligent and bona fide effort to comply with the order of the court or that she cannot borrow sufficient funds to comply with the obligation. See <u>Darroch v. Willis</u>, 2010 WL 678914, Ga. decided March 1, 2010.

-20-

### Violation of Restraining Order

This Court finds that Defendant is in contempt of the Final Decree for violating the restraining order set forth in Paragraph 41. The Court finds this contempt to be willful and intentional. The Court finds that Defendant has repeatedly harassed Plaintiff since the entry of the Decree, and has done so to the extent of maliciously sending law enforcement to Plaintiff's residence in the middle of the night to conduct a welfare check, causing Plaintiff's mail and his parents' mail to be sent to her via the United States Postal Service, and obtaining

SMITH GILLIAM
WILLIAMS & MILES PA
Attorneys at Law
00 OLD COCA-COLA BLDG.
301 GREEN STREET, NW
GAINESVILLE, GEORGIA 30501

MAILING ADDRESS:
P.O. BOX 1098
GAINESVILLE, GEORGIA 30503

T: (770) 536-3381
F: (770) 531-1481

www.sgwmfirm.com

11

a temporary restraining order against Plaintiff in Illinois based on untrue and unfounded allegations.

-21-

## Failure to Comply with Terms

This Court finds that Defendant is in contempt of Paragraph 42 of the Final Decree for failing to comply with the terms of the Decree. Specifically, the Court finds that Defendant has failed to comply with each provision of the Final Decree that required some action on her part. The Court finds this contempt to be willful and intentional and that there is no reason or evidence that was presented as to why the Defendant could not have fully, timely and completely complied with the terms of the Final Decree.

-22-

## Attorneys Fees and Costs of Litigation

O.C.G.A. Section 19-6-2(a) authorizes this Court to grant attorneys fees and costs of litigation in this contempt case. This Court finds that the Defendant, as set forth above, is in contempt of the Final Decree and that Plaintiff has incurred a substantial amount in attorneys fees since the date of the final divorce due to the contemptuous willful and intentional actions of the Defendant. Any award of attorneys fees and expenses of litigation in this case is within the sound discretion of this Court and, in exercising this discretion, this Court must consider the financial circumstances of both parties as a part of its determination of the amount of attorneys fees, if any, to be allowed. Neither party made any objection at trial to each side presenting its evidence on the issue of attorneys fees and costs of litigation to this Court in their written closing arguments and/or proposed Orders. The Court has considered and reviewed the evidence presented by Plaintiff on this issue and finds that the costs and fees requested by Plaintiff are reasonable. Specifically, the total amount of attorneys fees of Plaintiff totaled $16,580.00 which is supported by the itemized bills presented from Plaintiff's attorney reflecting a total of 79.2 hours at an hourly rate of $175.00 for Ms. Floyd and an hourly rate of $275 for Ms. Miles and an hourly rate of $75 for their legal assistant, rates which this Court finds are reasonable given their experience, complexity of this case, and specialization in this area of the law. Further, this Court finds that the Plaintiff has incurred costs of litigation in the amount of $169.00 (filing, service, and copy fees) as well as travel expenses to pursue this contempt action in the amount of $395.29 (plane ticket $219.40, hotel

SMITH GILLIAM
WILLIAMS & MILES PA
Attorneys at Law
00 OLD COCA-COLA BLDG.
301 GREEN STREET, NW
AINESVILLE, GEORGIA 30501

MAILING ADDRESS:
P.O. BOX 1098
AINESVILLE, GEORGIA 30503

T: (770) 536-3381
F: (770) 531-1481

www.sgwmfirm.com

12

$75.89, food $50, gas $50 as reflected on receipts submitted by Plaintiff). Finally, this Court specifically finds that Defendant has the financial ability to pay these fees. In so finding the Court has taken into consideration the substantial financial assets awarded to Defendant at the time of the divorce (and the lack of any testimony by the Defendant that any of those assets no longer exist or that any of the assets have been depleted), that Defendant has a college degree and earning capacity, that there was no testimony by Defendant that she has any debt whatsoever, and that Defendant's financial condition has improved since the divorce in that she has remarried and that her current Husband testified at trial that he was a man of "substantial wealth."

## RULING OF THE COURT

-23-

Defendant is restrained and enjoined from using the name "O'Donnell" at any time in the future.

-24-

### Civil Contempt

Within ten (10) days of the filing date of this Order, the Defendant shall purge herself of contempt as to the following by paying the full amount of $26,723.65 via certified funds to the Clerk of Court of Hall County, Georgia at Post Office Drawer 1275, Gainesville, Georgia 30503. The amount consists of the following:

(a) $11,316.36 pursuant to paragraph 6 above;

(b) $2,984.28 pursuant to paragraph 8 above;

(c) $256.29 pursuant to paragraph 9 above;

(d) $1,096.72 pursuant to paragraph 12 above;

(e) $7,500 pursuant to paragraph 16 above;

(f) $1,800 pursuant to paragraph 17 above;

(g) $1,770 pursuant to paragraph 18 above.

Interest on this amount shall accrue at the legal rate set forth in O.C.G.A. §7-4-12.1 beginning on the eleventh (11th) day after the filing date of this Order. In the event the Defendant fails to make this payment on time, then, upon Affidavit from the Clerk of Hall County, this Court shall enter an Order for Defendant's immediate incarceration until such time as she pays the

SMITH GILLIAM
VILLIAMS & MILES PA
Attorneys at Law
00 OLD COCA-COLA BLDG.
301 GREEN STREET, NW
GAINESVILLE, GEORGIA 30501

MAILING ADDRESS:
P.O. BOX 1098
GAINESVILLE, GEORGIA 30503

T: (770) 536-3381
F: (770) 531-1481

www.sgwmfirm.com

full amount due, including interest accruing thereon at the legal rate set forth in O.C.G.A. §7-4-12.1, plus a fine of $500 per day for each day that the full balance has not been paid, said fine to begin on the eleventh (11th) day after the filing date of this Order. See <u>Darroch v. Willis</u>, 2010 WL 678914, Ga. decided March 1, 2010; <u>Chatfield v. Adkins-Chatfield</u>, 292 Ga. 190 (2007). This provision constitutes the sanctions imposed by this Court for civil contempt by the Defendant.

-25-

### Criminal Contempt

This Court imposes sanctions against the Defendant pursuant to O.C.G.A. Section 15-6-8(5) and requires that she be immediately incarcerated for a period of 20 consecutive days for each of the instances of contempt as listed below and that each of these 20 consecutive day incarcerations run consecutively until a total of 180 consecutive days of incarceration have been served. Further, Defendant shall pay a $500 fine for each of the instances of contempt listed below for a total of $5,000.00. See <u>Reece v. Smith</u>, 292 Ga.App. 875 (2008). The instances of contempt for which criminal contempt is being sanctioned are:

(a) paragraph 3 above;

(b) paragraph 5 above;

(c) paragraph 7 above;

(d) paragraph 10 above;

(e) paragraph 11 above;

(f) paragraph 13 above;

(g) paragraph 14 above;

(h) paragraph 19 above;

(i) para graph 20 above;

(j) para graph 21 above.

-26-

Defendant shall abide by the restraining order contained in the Final Decree. Defendant shall not come within five hundred yards of Plaintiff's residence or place of employment, or his family members' residences or places of employment. Defendant shall not communicate directly or indirectly with Plaintiff except as to matters specifically required under the terms of the Final Decree.

SMITH GILLIAM
WILLIAMS & MILES PA
Attorneys at Law
00 OLD COCA-COLA BLDG.
301 GREEN STREET, NW
AINESVILLE, GEORGIA 30501

MAILING ADDRESS:
P.O. BOX 1098
AINESVILLE, GEORGIA 30503

T: (770) 536-3381
F: (770) 531-1481

www.sgwmfirm.com

14

-27-

Pursuant to O.C.G.A. Section 19-6-2(a) and based on the findings of fact set forth above, this Court hereby awards Plaintiff $16,749.00 in attorneys fees and costs of litigation from Defendant. This amount shall be paid via certified funds directly to Smith, Gilliam, Williams & Miles, PA, Post Office Box 1098, Gainesville, Georgia 30503, within ten (10) days of the filing date of this Order.

-28-

Plaintiff is awarded $395.29 in costs of litigation from Defendant for the travel expenses of Plaintiff. This amount shall be paid via certified funds directly to Smith, Gilliam, Williams & Miles, PA, Post Office Box 1098, Gainesville, Georgia 30503, within ten (10) days of the filing date of this Order.

-29-

All law enforcement officers and agencies of the State of Georgia, and any other state in which this Order is domesticated or extends judicial comity, shall enforce this Order, including immediate incarceration of the Defendant.

IT IS SO ORDERED, this 5TH day of April, 2010, **nunc pro tunc to March 18, 2010**.

_____
JUDGE C. ANDREW FULLER
SUPERIOR COURT
HALL COUNTY, GEORGIA

Prepared by:
Kelly Anne Miles
Georgia Bar No. 505665
Jennifer B. Floyd
Georgia Bar No. 140955
Attorneys for Plaintiff

SMITH GILLIAM
WILLIAMS & MILES PA
Attorneys at Law
00 OLD COCA-COLA BLDG.
301 GREEN STREET, NW
GAINESVILLE, GEORGIA 30501

MAILING ADDRESS:
P.O. BOX 1098
GAINESVILLE, GEORGIA 30503

T: (770) 536-3381
F: (770) 531-1481
www.sgwmfirm.com

15

IN THE SUPERIOR COURT OF HALL COUNTY
STATE OF GEORGIA

**MICHAEL PATRICK O'DONNELL,**    /

        Plaintiff,    /    Civil Action File

vs.    /    Number: 09-CV-4891A

**TARA KERSCH**
**F/K/A TARA KERSCH O'DONNEL**    /

        Defendants,    /

## CERTIFICATE OF SERVICE

The undersigned, counsel for the Plaintiff, Michael Patrick O'Donnell, in the above-styled case, hereby certifies that she has this day served the Defendant named above with the foregoing FINAL CONTEMPT ORDER by sending a copy first class mail to Defendant's attorney of record:

    Mr. Nathanael A. Horsley
    135 Prominence Court, Suite 130
    Dawsonville, GA 30534

This _____ day of April, 2010.

        SMITH, GILLIAM, WILLIAMS & MILES PA
        Attorneys for Plaintiff

        BY: _____
            Jennifer B. Floyd
            Bar Number: 140955

SMITH GILLIAM
WILLIAMS & MILES PA
Attorneys at Law
200 OLD COCA-COLA BLDG.
301 GREEN STREET, NW
GAINESVILLE, GEORGIA 30501

MAILING ADDRESS:
P.O. BOX 1098
GAINESVILLE, GEORGIA 30503

T: (770) 536-3381
F: (770) 531-1481

www.sgwmfirm.com